## UNITED STATES DISTRICT COURT
## IN THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Russ Cartwright,<br>　　Plaintiff | § § § | |
| v. | § § | Civ. No. C-09-001 |
| Bank of America, et al.<br>　　Defendants | § § § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

The plaintiff has moved to remand the suit to the 319th District Court of Nueces County, Texas (D.E. 18). Because the defendants' removal of the action was improper, the Court GRANTS the plaintiff's motion and REMANDS the suit.

Although the plaintiff originally filed the suit in state court, the defendants removed the action to federal court on the basis of admiralty jurisdiction, 28 U.S.C. § 1333(1). The plaintiff sues the defendants for *in personam* remedies. He contends that he has legal title to the boat and that the defendants wrongfully deprived him of possession. The plaintiff also sues for partition and sale, unjust enrichment, negligence, conversion, and other common law remedies. According to the defendants, because the plaintiff asserts legal title and requests possession of the boat, this action is a petitory and possessory suit that falls under this Court's admiralty jurisdiction.

In support, the defendants cite numerous cases dealing with plaintiffs who seek to reclaim possession of a boat. Although the cases are factually on point with regard to the claims, none of them address the larger issue of removal and

remand. Instead, all of the cases involve plaintiffs who originally invoked the federal court's admiralty jurisdiction.

However, under the "saving to suitors" clause of 28 U.S.C. § 1333(1), a plaintiff may bring an admiralty suit in federal court, or he may pursue nonmaritime remedies in state court. *See Madruga v. Superior Court of State of Cal.*, 74 S.Ct. 298, 300–01 (1954). In the current action, the plaintiff elected to bring his suit in state court. Therefore, the defendants' cases are inapposite.

It is important to note that the "saving to suitors" clause of 28 U.S.C. § 1333(1) only gives a plaintiff the right to bring a cause in state court if the state court has concurrent jurisdiction and is competent to administer the remedy. The "saving to suitors" clause does not cover an *in rem* action because it is within the exclusive jurisdiction of the federal courts. *Madruga*, 74 S.Ct. at 301.

As stated by the Supreme Court, admiralty jurisdiction is exclusive "only as to those maritime causes of action begun and carried on as proceedings *in rem*, that is, where a vessel or thing is itself treated as the offender." *Id.* at 300–01. In the present case, the plaintiff brought an *in personam* action against the defendants for monetary relief and the return of the boat. Additionally, according to the Supreme Court, a state with concurrent jurisdiction "is free to adopt such remedies, and to attach to them such incidents, as it sees fit so long as it does not attempt to make changes in the 'substantive maritime law.'" *Id.* at 300.

The Court holds that the plaintiff properly invoked the concurrent jurisdiction of the Texas courts. Under the "saving to suitors" clause, he is able to

pursue his action in state court unless the defendants provide a ground for removal other than admiralty, such as diversity jurisdiction.  Diversity is not present in this action because the plaintiff and at least one of the defendants are residents of Texas.  Because the Court does not have subject matter jurisdiction over the claims, the plaintiff's Motion to Remand is GRANTED.

The Court REMANDS the action to the 319th District Court of Nueces County pursuant to 28 U.S.C. § 1447(c) and (d).

So ORDERED this _____ 22 _____ day of June, 2009.


HAYDEN HEAD
CHIEF JUDGE